UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-244-GWU

PHILIP M. HISEL,                                                    PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI).  The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-244  Philip M. Hisel

   4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

   5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

   6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

   7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

08-244  Philip M. Hisel

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the

08-244 Philip M. Hisel

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."  Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

6

accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Philip M. Hisel, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease and degenerative joint disease of the lumbar spine "with chronic back pain noting lateral recess stenosis at the L5-S1 level and lumbar spondylosis with lumbar facet arthropathy," and a history of vertigo. (Tr. 26). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Hisel retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 27-31). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 46, high school level education, and work experience in various unskilled factory jobs and as a semi-skilled security guard (Tr. 170-3) could perform any jobs if he were limited to lifting 10 pounds occasionally and 5 pounds frequently, pushing and pulling no more than 20 pounds for a distance greater than 10 feet, walking no more than 10 minutes at a time, sitting no more than 15 minutes at a time, and requiring the option of sitting and standing at will with a position change required at least every 15 minutes. (Tr. 180-1). The ALJ also specified that the individual could perform no overhead reaching or climbing of ladders, ropes, or

scaffolds, could perform only minimal stooping, kneeling, bending, twisting, and side-to-side movement, could only occasionally climb ramps and stairs, and needed to avoid concentrated exposure to vibration and all exposure to unprotected heights. (Id.).  The VE responded that such a person could perform "monitoring types of jobs" with approximately 1,400 jobs in Kentucky and 134,300 nationally and information clerk, with approximately 1,100 jobs in Kentucky and 100,000 nationally. (Tr. 182).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

Mr. Hisel filed his present SSI application on September 28, 2005 alleging disability beginning February 24, 2005. (Tr. 52). In his disability report, he indicates that he had stopped working on August 13, 1999, and was currently unable to work because of a herniated disc in his lower back, hearing loss, vertigo, and high blood pressure.  (Tr. 85-6).  The ALJ indicated in his decision that the plaintiff had filed three prior applications for benefits, the most recent of which was denied on February 23, 2005 and upheld by the Appeals Council.[1]

Although the medical evidence from after the alleged onset date is limited, the ALJ essentially accepted the functional restrictions imposed by Mr. Hisel's treating family physician, Dr. Wayne Marlowe.  (Tr. 143).  The ALJ noted that the

---

[1]This presumably accounts for the onset date selected in the present application. (Tr. 24).

08-244  Philip M. Hisel

restrictions were also consistent with the February 23, 2005 ALJ decision in compliance with the holding of Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997) and Acquiescence Ruling 98-4(6).  (Tr. 29).  The plaintiff does not challenge the ALJ's choice of hypothetical factors on appeal.

One of the issues raised by the plaintiff on appeal is the reliability of the VE's testimony in carrying the Commissioner's burden of showing that there were jobs he could perform in the economy.  On balance, the court agrees with the plaintiff that the VE's testimony was significantly flawed and should be revisited on remand.

As the plaintiff points out, Social Security Ruling (SSR) 00-4p instructs that an ALJ "has an affirmative responsibility to ask about any possible conflict between . . . VE . . . evidence and information provided in the DOT [Dictionary of Occupational Titles]."  The ALJ did not make this inquiry in the present case.  The defendant concedes the point, but argues that the error was harmless.  If there were no apparent conflict between the hypothetical restrictions and the job descriptions in the DOT, the court would agree.  However, it appears that all of the sedentary information clerk jobs listed in the DOT require either frequent or occasional reaching.[2]  Therefore, there is a *prima facie* conflict between the VE's testimony and the DOT requirements for this job category.

---

[2] See DOT 210.367-010, Account Information Clerk; 237.267-010, Automobile Club Information Clerk; 237.367-022, Information Clerk; and 237.367-046, Telephone Quotation Clerk.

08-244 Philip M. Hisel

The defendant argues, however, that there is no inconsistency between the VE's testimony and the requirements listed for the job of Surveillance System Monitor, DOT 379.367-010. The plaintiff asserts that there is a conflict because, although the DOT states that the position requires no reaching or bending, it provides that the employee push buttons and adjust monitor controls. Assuming that the button and controls were on equipment that could not be moved, and the plaintiff would be alternating sitting and standing throughout the day, he would be required either to bend while standing or reach while sitting. Since the DOT does not address the effects of a sit/stand option, it is at least conceivable that the addition of such a restriction would have a vocational impact on this particular job. Therefore, the court cannot conclude that the ALJ's failure to ask the VE about discrepancies between his testimony and the DOT was harmless error.[3]

---

[3]The plaintiff additionally argues that the VE's testimony was unreliable regarding the surveillance system monitor position because the DOT has not been updated since 1986 and the job is no longer performed at an unskilled level. He cites as a source a statement by Chicago area vocational experts to the Chicago Bar Association, allegedly attached to his brief as Exhibit A. Plaintiff's Memorandum In Support of Motion for Summary Judgment or Remand, Docket Entry No. 16, p. 13, footnote 4. However, no such attachment appears to have been filed. The plaintiff also cites another vocational resource known as the O*Net in support of this view. Neither of these resources is relevant to an inquiry under SSR 00-4p, which notes that the Commissioner relies primarily on the DOT for information about the requirements of work in the national economy. Id. at 2. For this reason, the occupational evidence provided by a VE generally should be consistent with the occupational evidence supplied by the DOT. Thus, "when there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict . . . ." Id. There is no express or implied duty to resolve conflicts between the VE's testimony and other vocational resources or other VEs.

08-244 Philip M. Hisel

Moreover, as the plaintiff also points out, the total number of jobs available may not be a significant number. The Sixth Circuit has stated that there is not a bright line between a significant number and an insignificant number of jobs. Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988). The determination must be made by weighing the statutory language and applying it to a particular claimant's factual situation. Born v. Secretary, 923 F.2d 1168, 1174 (6th Cir. 1990). Among the factors to be considered are:

> the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

Hall, 837 F.2d at 275.

The plaintiff points out that one of the Hall factors, the distance a claimant is capable of traveling to engage in the assigned work, would come into play since his physician limited him to no more than 15 minutes of continuous sitting. Clearly, Hall and other cases establish that the Commissioner is not required to show a significant number of jobs merely in the plaintiff's neighborhood to the extent that "Congress intended to 'provide a definition of disability which can be applied with uniformity and consistency throughout the Nation, without regard to where a particular individual may reside . . . .'" H.R. Rep. No. 544, 90th Cong, 1st Sess. 29, 30 (1967), quoted in Harmon v. Apfel, 168 F.3d 289, 292 (6th Cir. 1999). The Harmon court cited with approval the case of Lopez Diaz v. Secretary of Health,

11

08-244 Philip M. Hisel

Education and Welfare, 585 F.2d 1137, 1140 (1st Cir. 1978) for the proposition that a claimant's choice to live far from his job is an individual consideration extrinsic to the disability and cannot enter into a finding of disability. Id. at 293. In Born, this was dispositive of the case. In Lopez Diaz itself, the First Circuit concluded that a remand was appropriate for a further hearing to determine whether the claimant 's impairments rendered her unable to travel to a job site. 585 F.2d at 1141. In the present case, the local area used was the entire state of Kentucky rather than the Lexington area, where the plaintiff resides, and where he could reasonably commute given his sitting, standing and walking restrictions. It is reasonable to suppose that there would be even fewer jobs available to the plaintiff than were given in the VE's testimony, given the restrictive standing, walking, and sitting limits in the present case.

The plaintiff raises two further issues.

First, he suggests that the ALJ did not perform a proper credibility analysis. The ALJ stated that he found the plaintiff credible as to the general nature of his physical impairments but not credible to the extent that they had increased in severity since the previous final decision. (Tr. 28). Although the ALJ set out the Duncan factors cited in the Applicable Law section of this opinion, he appears to base his credibility determination on the similarity of Dr. Marlowe's restrictions to those given in the prior ALJ's decision, the fact that Dr. Marlowe completed a "work excuse" in 2007 which exempts the plaintiff from "manual labor" only, and the fact

08-244  Philip M. Hisel

that the plaintiff had attempted unsuccessfully to find work.  (Tr. 28-9).  An individualized credibility assessment, if made, was not sufficiently clear to allow this court to determine the weight he gave to the claimant's statements and the reasons for that weight.  See Rogers v. Commissioner of Social Security, 486 F.3d 234, 247 (6th Cir. 2007).  For instance, the plaintiff alleged drowsiness due to medications, for which he took the medication Meclizine (Tr. 175, 179) and while the ALJ noted this in the decision (Tr. 27), he did not evaluate the possible alleged side effect of dizziness as required by Duncan.  Nor did he appear to consider daily activities.  See Felisky v. Bowen, 35 F.2d 1027, 1039-40 (6th Cir. 1994).

Finally, the plaintiff alleges that the ALJ failed in his duty to develop the record because he was unrepresented at the hearing.  He cites a Seventh Circuit case stating that an ALJ must follow certain steps to ensure valid waiver of his right to counsel.  Binion v. Shalala, 13 F.3d 243, 244 (7th Cir. 1994).  The Sixth Circuit has never required such a procedure, however.  The plaintiff acknowledges receiving a letter advising him of his right to representation (Tr. 37-8) and stated at the hearing that he was familiar with what a representative could do for him and wished to proceed on his own.  (Tr. 165-6).  The plaintiff is a high school graduate and a person familiar with disability rules; therefore, the court finds that his waiver was adequate under the general guidelines set out in Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1051-2 (6th Cir. 1983) and Duncan, supra, 801 F.2d at 855.

08-244  Philip M. Hisel

The plaintiff maintains that even if his waiver was valid, the ALJ failed in his duty to develop the record and he was deprived of a full and fair hearing. In view of the fact that the decision is being remanded for a failure to question the VE sufficiently about the DOT, the question is essentially moot.

The decision will be remanded for further consideration.

This the 22nd day of April, 2009.

Signed By:
*G. Wix Unthank*  /s/ GWU
**United States Senior Judge**