UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-244-GWU

PHILIP M. HISEL, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Counsel for the plaintiff has filed a motion for award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $168.75 per hour for 52.05 hours of attorney time on the successful appeal, along with $100.00 per hour for 4.85 hours of law clerk time. The defendant objects to the hourly rate and to the number of hours claimed.

## APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory <u>cap</u> of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. <u>Kerin v. U.S. Postal Service</u>, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate <u>above</u> the cap. 28 U.S.C. § 2412(d)(2).

1

08-244  Philip M. Hisel

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1] The burden is on the plaintiff to provide

---

[1] At the time of Pierce, the cap was $75.00. 487 U.S. at 555.

evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

08-244 Philip M. Hisel

## DISCUSSION

Regarding the hourly rate, the court has consistently required a showing that the "prevailing market rate" is higher than the statutory cap under EAJA, not simply a showing that the cost of living has increased since EAJA was enacted. See, e.g., Whisman v. Astrue, Lexington Civil Action No. 07-122-GWU (December 10, 2008). No such evidence has been submitted. Regarding counsel's other arguments regarding the prevailing rate in the Chicago, Illinois area, where counsel's offices are located, and the lack of attorneys in Kentucky who are willing to accept Social Security disability appeals, the court incorporates by reference its discussion in McKinney v. Astrue, Lexington Civil Action No. 08-309-GWU (July 8, 2009). Accordingly, the court continues to find that $125.00 per hour is the appropriate rate for attorney time in the Central Division of this district, and $100.00 per hour is appropriate for law clerk time, as the term "law clerk" is used in the plaintiff's brief.[2]

The defendant does not object to the 4.85 hours of law clerk time claimed by counsel, and therefore the court will allow reimbursement of $485.00 (4.85 hours x $100.00 per hour) for this time.

---

[2] Counsel describes Suzanne E. Blaz, an employee with a J.D. degree but who has not passed a bar examination, as a law clerk.

4

08-244 Philip M. Hisel

The defendant does object to the number of attorney hours claimed.[3] The Commissioner admits that the file was lengthy, but generally alleges that the issues presented and the arguments made, combined with counsel's alleged expertise with Social Security matters, would make 30.15 hours "a more appropriate and conservative estimate."

The court notes, as an initial matter, that of the four individuals other than the law clerk who are identified on the time log as having worked on the case, qualifications were submitted only for Frederick Daley and Marcie Goldbloom. "JDANISH" claims 1.5 hours which will be disallowed since there is nothing in the record to identify him or her. "KHOPPE," who claims 40.9 hours, is likewise unidentified. The court will, however, take judicial notice of the filings in McKinney, supra, which identify "KHOPPE" as Katherine Hoppe, attorney.

While the number of hours claimed by Hoppe are somewhat excessive, many of them included time for editing and revising the draft motion for summary judgment after review by the senior partner. This practice is clearly useful. The court does believe that over 15 hours of research is, at the least, not highly efficient given the areas of law involved, and that a reduction of 5 hours is appropriate.

---

[3] The Commissioner's brief mistakenly refers to 46.15 being requested, rather than the actual total of 52.05.

08-244 Philip M. Hisel

### ORDER

Accordingly, the court being sufficiently advised, counsel for the plaintiff is awarded $6,178.75 (45.55 hours x $125.00 per hour plus 4.85 hours x $100.00 per hour) in fees under the Equal Access to Justice Act.

This the 30th day of September, 2009.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**